UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERLA WILEY,

        Plaintiff,

  v.

ROBERT L. Wilkins,

        Defendant.

Civil Action No. 1:15-cv-01503 (CKK)

MEMORANDUM OPINION
(September 29, 2015)

This matter is before the Court on Plaintiff's *pro se* complaint filed on September 16, 2015. The Court shall dismiss the complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) ( "[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I. BACKGROUND

Plaintiff brings this action against Judge Robert Wilkins, challenging official decisions made by Judge Wilkins while presiding over another case involving Plaintiff, *Wiley v. Isaacson*, No. 1:11-cv-2156 (LRW) (D.D.C. Dec. 5, 2011), *aff'd*, No. 13-5310 (D.C. Cir. Apr. 17, 2014).[1] Plaintiff alleges that in dismissing Plaintiff's claims, Judge Wilkins "became co-counsel, case researcher, and advocate for the Defendant and an obstructionist against Plaintiff." Compl. at 6. Plaintiff further alleges that Judge Wilkins "did not address the core issues of the Complaint."

---

[1] Plaintiff's Complaint states that Plaintiff has filed this Complaint "in lieu of" an identical motion filed on September 04, 2015" in the earlier case, 11-cv-2156, titled "MOTION TO REINSTATE CASE NO. 1:11-CV-02156 AND TO BRING MATTERS ANEW." Compl. Caption.

1

*Id.* at 7. Instead, Judge Wilkins "inserted his own personal case research rule that circumvented the processing of Plaintiff's legitimate claims." *Id.* at 8. According to Plaintiff, Judge Wilkins "personally interjected the unprecedented element of case review" and that by taking "the time to find FLRA cases that allegedly supported the [defendants] that they had not themselves found," Judge Wilkins violated *inter alia*, the Code of Judicial Conduct and the Federal Rules of Civil Procedure. *Id.* at 10. Plaintiff seeks relief in the amount of $3,000,000 dollars. *Id.* at 51.

On September 16, 2015, Plaintiff filed this action against Judge Wilkins. On September 18, 2015, Plaintiff filed a Notice of Attempt to Serve Summons, describing an unsuccessful attempt by Plaintiff to serve a summons on Judge Wilkins at the courthouse. *See* Notice of Attempt to Serve Summons by Verla Wiley, ECF No. 4.

## II. LEGAL STANDARD

"If the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Such a dismissal may occur "*sua sponte* prior to service on the defendants . . . when . . . it is evident that the court lacks subject matter jurisdiction." *Evans v. Suter*, No. 09–5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *see also Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 Fed. Appx. 1 (D.C. Cir. 2008). A federal district court lacks subject matter jurisdiction to review the decisions made by another district court judge. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fisch v. U.S. Gov't*, No. 13–2038, 2013 WL 7095043, at *1 (D.D.C. Dec. 20, 2013), *appeal dismissed*, No. 14–5027 (D.C. Cir. Aug. 4, 2014); *Lasko v. McAvoy*, No. CIV.A. 12-0093, 2012 WL 171542, at *1 (D.D.C. Jan. 20, 2012), *aff'd*, No. 12-5035 (D.C. Cir. July 2, 2012); *Kissi v. United States*, No. 12–1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C.1994), *cert. denied* 513 U.S. 1150 (1995). A district court also lacks

subject matter jurisdiction when the alleged claims "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations and internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *Peters v. Obama*, Misc. No. 10–0298, 2010 WL 2541066 (D.D.C. June 21, 2010); *Watson v. United States*, Civ. Act. No. 09–268, 2009 WL 377136, at *1 (D.D.C. Feb. 13, 2009). A plaintiff's claims against a federal district judge may be "patently insubstantial" where the judge is clearly immune because the suit is predicated on his official acts. *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.) *aff'd*, 455 F. App'x 1 (D.C. Cir. 2011).

### III. DISCUSSION

Plaintiff's claims concern Judge Wilkins' conduct and decisions issued in his official capacity in another case. This Court does not have subject matter jurisdiction over this case because it cannot review the decisions made by another district court judge in his judicial capacity. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fisch*, 2013 WL 7095043, at *1; *Lasko*, 2012 WL 171542, at *1; *Kissi*, 2012 WL 5382898, at *1; *Fleming*, 847 F. Supp. at 172. Seeking relief through an appeal to an appellate court is the sole remedy available to a litigant, such as Plaintiff, who "seeks to challenge the legality of decisions made by a judge in her judicial capacity." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 44 (D.D.C. 2013), *appeal dismissed*, No. 14-5085 (D.C. Cir. July 24, 2014).[2] This Court also lacks jurisdiction because Plaintiff's claims against Judge Watkins are devoid of merit and patently insubstantial. *See*

---

[2] In fact, Plaintiff has already realized several opportunities to seek relief through the appeals process. *See Wiley v. Shell*, No. 13-5310 (Apr. 17, 2014) (granting motion for summary affirmance of Judge Wilkins' order dismissing Plaintiff's claims and denying Plaintiff's petition for a rehearing *en banc*).

*Kagan*, 777 F. Supp. 2d at 179.  Federal judges are absolutely immune from lawsuits predicated, as here, for their official acts.  *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 91 (D.D.C. 2012) *aff'd,* No. 12-5317, 2013 WL 1733756 (D.C. Cir. Apr. 2, 2013); *Misu v. Wilkins,* Civil Action No. 12–945(ESH), 2012 WL 2308116, at *1 (D.D.C. June 11, 2012); *Jennings v. Walton,* Civil Action No. 12–410(RWR), 2012 WL 1156439, at *1 (D.D.C. Apr. 6, 2012).  Plaintiff asserts that she is suing Judge Wilkins "in his Official & Individual Capacities", *see* Compl. Caption, but it is clear from the allegations in the Complaint that the only actions that she is complaining about are judicial decisions and the judicial decision-making process.  Accordingly, absolute immunity clearly protects Judge Wilkins from this lawsuit.  *See Kagan*, 777 F. Supp. 2d at 179.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's case.  The Court orders that this action be DISMISSED with prejudice, and that the summons issued be quashed.

An appropriate Order accompanies this Memorandum Opinion.

Dated: September 29, 2015

                                                   /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge